# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

July 12, 2010

## Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

**No**.  10-2359

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    **v.**<br><br>ROD BLAGOJEVICH and ROBERT BLAGOJEVICH,<br>    *Defendants*.<br><br>APPEAL OF:<br><br>    CHICAGO TRIBUNE COMPANY, THE NEW YORK<br>    TIMES COMPANY, ILLINOIS PRESS ASSOCIATION,<br>    and ILLINOIS BROADCASTERS ASSOCIATION | Appeal from the United<br>States District Court for the<br>Northern District of Illinois,<br>Eastern Division.<br><br>No. 08 CR 888<br>James B. Zagel, *Judge*. |

## Order

The opinion issued in this appeal is amended by replacing the first two full paragraphs on page 9 of the typescript opinion with the following three paragraphs:

But because the judge acted without evidence, and the arguments at the brief hearing on the motion to intervene post-dated the judge's decision (which had been conveyed to jurors the previous day), we do not know the answers to some potentially important questions. *Have* jurors in other publicized cases been pestered electronically (email, instant messaging, or phone calls), or by reporters camped out on their doorsteps? If judges in other high-visibility cases

have told the jurors to ignore any unsolicited email or text messages, have those instructions been obeyed? If not, do any practical alternatives to sequestration remain? The Department of Justice, and the lawyers who represent the press, may be able to present evidence and arguments that would be helpful in addressing those issues. Findings of fact made after an appropriate hearing must be respected on appeal unless clearly erroneous. But no evidence was taken, no argument entertained, no alternatives considered, and no findings made before this decision was announced to the jurors.

What evidence the judge must consider depends on what the parties submit. We do not imply that any of the subjects mentioned above is indispensable to a decision. In *Black* the parties chose not to present any evidence, and the court then decided in light of the parties' arguments and the judge's experience with jurors' concerns and behavior. The district judge in this case has referred elliptically to efforts to contact him by email and in other ways; perhaps putting details on the record would help to make concrete some potential effects of disclosing jurors' names while the trial is under way. What is essential—what occurred in *Black* but not so far in this case—is an opportunity for the parties (including the intervenors) to make their views known in detail, followed by a considered decision that includes an explanation why alternatives to delayed release of the jurors' names would be unsatisfactory.

Instead of constructing a framework for hearings, findings, and rules of decision, we think it best to wait until a hearing has been held. We do not decide today when it is appropriate to delay the release of jurors' names. That subject will not be ripe until the district judge has provided a better basis for understanding not only the risks of releasing the names before the trial's end, but also other options (and the risk that alternatives such as cautionary instructions will fail).